DOWD, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CASE NO. 1:06 CR 244 |
| Plaintiff, | ) ) | |
| | ) | MEMORANDUM OPINION |
| v. | ) | ANALYZING THE SENTENCING |
| | ) | FACTORS SET FORTH IN 18 U.S.C. |
| Brian D. Williams, | ) | SECTION 3553(a) |
| | ) | |
| Defendant. | ) | |

### I. Introduction

The Court conducted the sentencing hearing of the defendant Brian D. Williams. The Court determined that the defendant's total offense level was 31 with a criminal history category of VI calling for a sentencing range under the advisory sentencing guidelines of 188 to 235 months. At the conclusion of the sentencing hearing, the Court sentenced the defendant to confinement for a period of 180 months with supervised release for a period of five years.

### II. The Analysis Required by 18 U.S.C. § 3553(a)

The Court sets forth its analysis of the sentencing factors required by *Booker* and the statutory guidance provided by 18 U.S.C. §3553(a) as follows:

**(a) Factors to be considered in imposing a sentence.**

The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider -

**(1) The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant**

(1:06 CR 244)

The offense conduct is set forth as follows:

> The following information was obtained from the United States Attorney's Office and the Bureau of Alcohol, Tobacco, Firearms and Explosives.
>
> On April 2, 2006, in reference to a Cleveland Police Department (CPD) incident report, an individual identified as the defendant, was at his residence located at 9110 Cannon Avenue in Cleveland, Ohio, when he engaged in a verbal altercation with his stepdaughter. The altercation turned physical and the defendant attempted to strike his stepdaughter with his fist. The stepdaughter was unable to block his attack. The defendant then began yelling at her and stated he was going to shoot her mother (the defendant's wife). At that point, the defendant went outside in front of the house, pulled out a handgun, and fired one round into the air. The defendant then walked back into the residence and sat down, and placed the handgun on a table in front of him. Present at the residence at this time were seven children in addition to the stepdaughter, ranging in age from 1 month to 17 years old. All of the children were sitting in the same room as the defendant and the firearm. The defendant again stated to the stepdaughter that he was going to shoot her mother, and that if she interfered, he was going to kill her. At that point the defendant pointed his handgun at all of the other children and stated the same threat that if anyone interfered, he would kill them. The defendant then exited the residence and entered his automobile which was parked in the front of the residence, and left the scene. At this time, the stepdaughter called the police.
>
> On the same date, officers of the Cleveland Police Department received a radio dispatch to respond to a disturbance of a male beating a female at the above mentioned address. While en route to this residence, additional information was given that the name of the defendant was Brian Williams and that he left the residence in his Mercury Sable and was headed toward East 93rd Street. CPD officers arrived in the area and conducted a felony vehicle stop on the Mercury Sable at the intersection of East 93rd Street and Cannon Avenue. During the vehicle stop, CPD officer instructed Williams to show his hands. The defendant would display his hands momentarily and then move them out of sight. While the officers were giving the defendant commands to show his hands,

2

(1:06 CR 244)

>another officer approached the vehicle from the passenger side and noticed a black handgun on the passenger seat.  The defendant kept moving his hands inside the vehicle, not complying with the commands of the officers to keep his hands in sight.  At that point, the officers approached the vehicle and removed the defendant from the driver's section of the car.  After a brief period of resistence by the defendant, the officers gained control of him and subsequently placed him under arrest.  The officers then recovered the handgun from the passenger seat of the vehicle.
>
>On April 3, 2006, officers conducted an interview with the defendant while he was in custody.  The defendant stated that he was having problems with his stepdaughter and, that on the night of the incident, they were having an argument.  The defendant stated that he got so upset during the argument that he went outside of the residence and fired off one round into the air.  The defendant denied making threats to the other children or pointing the gun at them.  The defendant stated that he left in his vehicle in order to calm down.
>
>After an examination by the ATF, the firearm was determined to be a Harrington and Richardson, model 732, .32 caliber revolver, bearing serial number AE74467, loaded with one live round of .32 caliber ammunition and 1 .32 caliber spent casing.

The defendant is a 36 year old male who was born and raised in Cleveland, Ohio.  The defendant reported that he enjoyed a close relationship with his mother and siblings while growing up.  He does not have much contact with his father.  Mr. Williams is currently married to Theresa Williams who has six children of her own.  The defendant has two children from two previous relationships.  The defendant reported that he has abused PCP and alcohol from the time he was a teenager until his arrest for the instant offense.  Mr. Williams is very distraught and depressed over his current legal situation.  The defendant earned his GED and was employed as a machine operator at the time of arrest.  Records indicate that the defendant has an extensive criminal record which includes convictions for Possession of Cocaine, Domestic Violence (2

3

(1:06 CR 244)

convictions), Drug Abuse, Assault, Disorderly Conduct, Felonious Assault, Drug Trafficking, Attempted Domestic Violence, and Assault on a Police Officer.  Based on the defendant's criminal record, he is a Criminal History Category VI.

The defendant's acceptance of responsibility is set forth in paragraph 13 of the presentence report as follows:

> During an interview, the defendant admitted his guilt and accepted responsibility for his actions in this case.  The defendant expressed remorse for his behavior and indicated that he is disappointed in himself because he was working hard to stay out of trouble.  He also stated, "*it's too late*", and that "*his life is ruined*."

**(2)  The Need for the Sentence Imposed**

**(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;**

The defendant is 36 years of age.  His criminal record as an armed career criminal requires a sentence of at least 180 months.  The defendant has a limited education and a marginal employment record.  The defendant is both alcohol and drug dependent.  He apparently views his life as hopeless as he contemplates a long sentence and separation from his family.  He has two children by two different women and apparently without the benefit of marriage.  He was living with his wife and her six children at the time of the events leading to his conviction.  His younger daughter will be an adult by the time of his release from custody.

The facts surrounding the crime, as well as the defendant's criminal record, indicate that he is a potential danger to his loved ones as well as other members of the community.

**(B)  to afford adequate deterrence to criminal conduct;**

(1:06 CR 244)

A long sentence as required under the armed career criminal provisions should afford adequate deterrence to criminal conduct. A sentence of 180 months will satisfy that requirement.

**(C)  to protect the public from further crimes of the defendant;**

The defendant will be approximately 50 when he is released from prison.  By that time it is possible that the defendant will have matured to the extent he will avoid further criminal conduct.

**(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;**

The defendant should have the opportunity to increase his education, develop employment skills and participate in drug and alcohol treatment during his sentence of 180 months.

## CONCLUSION

For the reasons set forth herein, a sentence of 180 months with supervised release for five years and with a downward variation of eight months to the mandatory minimum of 180 months, is a sentence sufficient, but not greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a)(2).

IT IS SO ORDERED.

| | |
|---|---|
| November 9, 2006 | /s/ David D. Dowd, Jr. |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |