DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Brian Williams, | ) | |
| | ) | CASE NO. 1:06 CR 244 |
| Petitioner-Defendant, | ) | (1:07 CV 3548) |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent-Plaintiff. | ) | |
| | ) | |

I. Introduction

In this action seeking relief under the provisions of 28 U.S.C. § 2255, the petitioner-defendant contends that he was denied the effective assistance of counsel. The Court reviewed the record in the context of Rule 4 with respect to cases filed pursuant to 28 U.S.C. § 2255, and denied all of the petitioner's claims, except the allegations brought by the petitioner contending that his assigned counsel failed to file a notice of appeal as requested, that his counsel failed to file any motions and that his counsel told him he would receive a sentence of five years. The Court concluded that such allegations, if true, would support the petitioner's claim that he had been denied the effective assistance of counsel. See Docket No. 22.

The government then filed a response and included as part of its response the affidavit of the petitioner's counsel, George Pappas, which denied the petitioner's claims. A copy of the affidavit is attached hereto as Appendix I.

The Court had previously ordered that the defendant be provided with copies of the transcripts of the change of plea hearing conducted on Friday, July 28, 2006 and the sentencing

(1:06 CR 244
1:07 CV 3548)

hearing conducted on November 9, 2006. By an order dated April 17, 2008, the Court concluded its order with the statement:

> Forty-five days have now elapsed since the government has filed its opposition. In the event the petitioner wishes to file a response to the government's brief by way of a reply in support of habeas relief, the petitioner is granted additional time until May 16, 2008 to file his reply. A copy of this order shall be forwarded to the pro se petitioner. A copy of this order shall be mailed to the defendant forthwith as his address appears as a matter of record.

According to the docket in this case, a copy of the above-described order was mailed to defendant at the address appearing on the docket. The petitioner has not responded to the government's brief, nor has he contested the affidavit of his counsel, George Pappas.

## II. The Court's Ruling

The Court has considered the unopposed affidavit of the defendant's trial counsel, George Pappas, and concluded that the representations set forth in the affidavit of George Pappas support a denial of the petitioner's claim that he was denied the effective assistance of counsel.

Counsel for the government accurately contends that bare allegations of ineffectiveness of counsel are insufficient. The petitioner has declined the opportunity to raise, by an affidavit, a factual dispute in support of his claim that he was constitutionally denied the effective assistance of counsel. Such a failure defeats the petitioner's request for an evidentiary hearing. See Turner v. United States, 183 F.3d 474, 476-77 (6th Cir. 2000).

The petitioner's pro se claim that he is entitled to relief from his conviction and sentence

2

(1:06 CR 244
1:07 CV 3548)

is without merit. As indicated, no evidentiary hearing is necessary. The Court will publish a separate order denying the petitioner's claim. The Court will also indicate that there is no basis for the granting of a certificate of appealability.

    IT IS SO ORDERED.

| | |
|---|---|
|  May 30, 2008 |  */s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |