DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Brian Williams, | ) | |
| | ) | CASE NO. 1:06 CR 244 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| United States of America. | ) | |
| | ) | |
| . Respondent. | ) | |

Before the Court is a memorandum of law filed by petitioner Brian Williams in support of an "application" pursuant to 28 U.S.C. § 2255. ECF 35. The Court construes petitioner Brian Williams's memorandum of law in support of a § 2255 application either as a § 2255 petition, or a request to file a second successive § 2255 petition. For the reasons that follow, Williams's "application" is DENIED.

The petitioner pled guilty in 2006 to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and was sentenced to 180 months of imprisonment. He did not appeal.

In 2007, Williams filed a motion to vacate his sentence pursuant to § 2255 alleging ineffective assistance of counsel, lack of jurisdiction, and double jeopardy, which the Court denied and denied a certificate of appealability. *Williams v. United States*, 2008 WL 2323532 at *1 (N.D. Ohio May 30, 2008). Williams then unsuccessfully filed a motion with the Sixth Circuit Court of Appeals for an order authorizing the district court to consider a second successive petition. *In re Williams*, No. 10-4308 (6th Cir. Sept. 28, 2011).

On March 16, 2013, Williams file another motion before the Sixth Circuit for an order authorizing the district court to consider a second successive petition pursuant to § 2255. On

(1:06 CR 244)

September 17, 2013, the Sixth Circuit denied Williams's motion. ECF 34.

The basis of Williams's "application" presently pending before the Court is the Supreme Court's ruling in *Descamps v. United States,* – U.S. – , 133 S.Ct. 2276 (2013). In order for a second successive petition to proceed, the petitioner must present new evidence upon which no reasonable fact-finder could find the petitioner guilty, or "a new rule of constitutional law, *made retroactive to cases on collateral review by the Supreme Court*, that was previously unavailable." 28 U.S.C. § 2255(h) (emphasis added).

Without deciding whether the ruling in *Descamps* is a new rule of constitutional law or applicable to plaintiff's case, *Descamps* cannot serve as a basis for petitioner's second successive petition. First, the word "retroactive" does not appear in the *Descamps* decision. Further, "[t]o date, the Supreme Court has not made *Descamps* retroactive on collateral review. *Groves v. U.S.* – F.3d –, 2014 WL 2766171 (7th Cir. June 19, 2014); *Hoskins v. Coakley,* 2014 WL 245095 (N.D. Ohio January 22, 2014).

Petitioner has not presented the Court with a valid basis on which to advance a second successive petition pursuant to § 2255. Accordingly, his "application" (ECF 35) is DENIED.

IT IS SO ORDERED.

  June 27, 2014                                *S/ David D. Dowd, Jr.*
Date                                          David D. Dowd, Jr.
                                                U.S. District Judge